IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Michael Green,** | § | |
|       **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 23-198** |
| | § | |
| **Regal Assets LLC, Tyler Gallagher, and** | § | |
| **Leah Kendrick a/k/a Leah Donoso** | § | |
|       **Defendants.** | § | |

## PLAINTIFF'S COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Michael Green complains of Regal Assets LLC, Tyler Gallagher, and Leah Kendrick a/k/a Leah Donoso, Defendants, and as cause therefore would respectfully show the following:

### PARTIES

1. Plaintiff Michael Green is a resident and citizen of Fairfax County, Virginia and can be contacted through his undersigned attorneys of record.

2. Defendant Regal Assets LLC is a limited liability company organized under the laws of the state of California, whose principal office is located at 200 West Highway 6, 4th Floor, Waco, Texas 76712. The limited liability company's status with the California Secretary of State is suspended and its status with the Texas Secretary of State is forfeited. Regal Assets' last known agent for service of process is Leah Kendrick, 200 West Highway 6, 4th Floor, Waco, Texas 76712.

3. Defendant Tyler Gallagher is the Chief Executive Officer and Director of Regal Assets LLC and can be served at 3450 Cahuenga Blvd., Bldg. 705, Los Angeles, California 90068.

4. Defendant Leah Kendrick a/k/a Leah Donoso is the President of Regal Assets LLC and can be served at 200 West Highway 6, 4th Floor, Waco, Texas 76712.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs.

6. Venue in this case is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district and Regal Assets and Leah Kendrick a/k/a Leah Donoso are subject to personal jurisdiction in this district.

## FACTS

7. Regal Assets LLC purports to be a provider of alternative assets, including precious metals.

8. In May, 2016, Plaintiff purchased fifty-five (55) 100-gram gold bars from Regal Assets for approximately $250,000.00. Plaintiff received confirmation of his purchase from Regal Assets and was informed that the gold bars would be stored on his behalf at Brinks, a private security company, in Salt Lake City, Utah. Attached hereto as Exhibit A is a true and correct copy of the e-mail communications confirming Plaintiff's purchase by informing him of its storage place.

9. In March, 2022, Plaintiff began seeking to have his gold bars shipped to him in Virginia. At this point, Defendants became evasive, and Mr. Green became aware of their fraudulent and deceptive conduct.

10. On July 6, 2022 and October 10, 2022, counsel for Plaintiff sent demand letters to Regal Assets and Mr. Gallagher seeking again to have his gold bars shipped to him in Virginia. Attached hereto as Exhibits B and C are true and correct copies of those demand letters. On January 4, 2023, the undersigned counsel's office sent a supplemental demand letter to Defendants. Attached hereto as Exhibit D is a true and correct copy of that demand letter. To date, no gold bars have been

received.

11. Defendants' failure and refusal to deliver to Plaintiff the gold bars that he purchased from them has been a producing and proximate cause of actual and consequential damages to Plaintiff in excess of $250,000. Such damages constitute a concrete, personalized, injury in fact that confers Article III standing upon Plaintiff and Article III jurisdiction upon this court.

12. Although the original purchase occurred in 2016, Plaintiff did not discover Defendants' unlawful conduct until he recently attempted to secure possession of his gold. This was, in part, due to his reasonable reliance on Defendants' representations regarding the storage of the gold with Brinks. Through their representations regarding the secure storage of the gold at Brinks, Defendants fraudulently concealed their true conduct and Plaintiff's causes of action against them. Plaintiff could not, through the exercise of reasonable diligence, have discovered his causes of action and injury, as he reasonably relied on Defendants' representations that his gold was safely stored at Brinks and available to him upon demand.

## DECEPTIVE TRADE PRACTICES

13. Plaintiff incorporates by reference the above allegations as though fully set forth herein.

14. This suit is filed against Defendants pursuant to the provisions of Tex. Bus. & Com. Code Ann. § 17.41 et seq., commonly known as the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA").

15. Plaintiff is a consumer as defined in Tex. Bus. & Com. Code § 17.45(4) and Defendants, at all times material to the Plaintiff's cause of action, engaged in trade and commerce as those terms are defined in Tex. Bus. & Com. Code § 17.45(6).

16. Written notice has been given in the manner and form prescribed by Tex. Bus. & Com.

Code § 17.505, and all conditions precedent to the filing of this action have been fulfilled. Defendants have made no tender or other response to Plaintiff's pre-suit notice letters.

17. The representations made by Defendants were false, misleading and deceptive in the following respects:

  a. Defendants advertised goods or services with intent not to sell them as advertised in violation of Tex. Bus. & Com. Code § 17.46(b)(9).

  b. Defendants advertised goods or services with intent not to supply a reasonable expectable public demand, in violation of Tex. Bus. & Com. Code § 17.46(b)(10).

  c. Defendants represented that an agreement conferred or involved rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, in violation of Tex. Bus. & Com. Code § 17.46(b)(12).

  d. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce Plaintiff to enter into a transaction into which he otherwise would not have entered had the information been disclosed, in violation of Tex. Bus. & Com. Code § 17.46(b)(24).

18. Defendants breached an express or implied warranty in violation of Tex. Bus. & Com. Code § 17.50(a)(2).

19. Defendants' misrepresentations and conduct further amounted to an unconscionable course of action in violation of Tex. Bus. & Com. Code § 17.50(a)(3).

20. Plaintiff reasonably relied upon Defendants' misrepresentations, and he has suffered damages from the above-referenced statutory violations as set forth above. Furthermore, Plaintiff asserts that the above-described statutory violations were committed knowingly and intentionally and

that Plaintiff is entitled to recover an amount equal to three times his damages. Plaintiff is also entitled to recover costs, pre-judgment interest, and all of the reasonable and necessary attorney's fees incurred in connection with this suit.

## FRAUD

21. Plaintiff incorporates by reference the above allegations as though fully set forth herein.

22. Plaintiff pleads fraud in the alternative. Defendants intentionally, recklessly, and knowingly made material misrepresentations that in exchange for $250,000.00, Plaintiff would purchase, and Defendants would deliver upon demand fifty-five (55) 100-gram bars of gold that would be stored on his behalf.

23. Defendants made those misrepresentations with the intent that Plaintiff rely upon them and be induced to act upon such reliance.

24. Plaintiff did in fact justifiably rely and reasonably rely upon such misrepresentations, paying Defendants for the gold that they either never delivered to the storage facility or misappropriated, proximately causing the damages described above.

25. Defendants' conduct constitutes fraud, and such fraud was willful, wanton, and malicious, and Plaintiff is therefore also entitled to recover punitive or exemplary damages in an amount to be set by the trier of fact.

## NEGLIGENT MISREPRESENTATION

26. Plaintiff incorporates by reference the above allegations as though fully set forth herein.

27. Plaintiff pleads negligent misrepresentation in the alternative. If Defendants' misrepresentations were not made intentionally, recklessly, and knowingly, then they were made

negligently and without the exercise of ordinary care and prudence.

28. Defendants made those misrepresentations with the intent that Plaintiff rely upon them and be induced to act upon such reliance.

29. Plaintiff did in fact justifiably rely and reasonably rely upon such misrepresentations, paying Defendants for the gold that they still have not delivered. Defendants' negligent misrepresentations were a proximate cause of the damages described above.

30. Defendants' negligent misrepresentations were committed with such conscious indifference and reckless disregard for Plaintiff's rights that Plaintiff is therefore also entitled to recover punitive or exemplary damages in an amount to be set by the trier of fact.

## CONVERSION

31. Plaintiff incorporates by reference the above allegations as though fully set forth herein.

32. Plaintiff pleads conversion in the alternative. Plaintiff purchased and owns the fifty-five (55) 100-gram gold bars he purchased from Regal Assets.

33. Defendants have wrongfully and without authorization assumed and exercised dominion and control over the gold bars to the exclusion of, or inconsistent with, the Plaintiff's rights as owner.

34. Plaintiff has demanded return of the property since March 2022 and Defendants have failed and refused to tender to him the gold bars at issue.

35. Such conduct constitutes conversion and has proximately caused Plaintiff damages as set forth above.

36. Defendants furthermore committed such conversion willfully, wantonly, and maliciously, and Plaintiff is therefore also entitled to recover punitive or exemplary damages in an

amount to be set by the trier of fact.

## CIVIL THEFT

37. Plaintiff incorporates by reference the above allegations as though fully set forth herein and pleads this count in the alternative in the event the Court determines that California law governs.

38. Defendants received property obtained in a manner constituting theft, knowing the property to be so obtained, or concealed, sold, withheld, or aided in concealing, selling, or withholding property from the owner, knowing the property to be so obtained, in violation of Cal. Penal Code § 496(a). Defendants did so by using false pretenses to cause Plaintiff to pay approximately $250,000.00 in exchange for gold that was entrusted to them and which they have now fraudulently appropriated. *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1043 (2013) (holding that theft by false pretenses constitutes a violation of Cal. Penal Code § 496(a), citing Cal. Penal Code §§ 484 and 532).

39. Plaintiff was injured by Defendants' violation of Cal. Penal Code § 496(a).

40. Pursuant to Cal. Penal Code § 496(c), Plaintiff is entitled to three times the amount of actual damages sustained, costs of suit, and reasonable attorney's fees.

41. Defendants furthermore acted with oppression, fraud, and malice, and Plaintiff is therefore also entitled to recover punitive damages in an amount to be set by the trier of fact.

## CONSUMER LEGAL REMEDIES ACT – DECEPTIVE PRACTICES

42. Plaintiff incorporates by reference the above allegations as though fully set forth herein and pleads this count in the alternative in the event the Court determines that California law governs.

43. Plaintiff is a consumer as defined by Cal. Civ. Code § 1761(d). Defendants are persons whose transactions with Plaintiff were intended to result and did result in the sale or lease of goods or

services as defined by Cal. Civ. Code § 1761.

44. Written notice has been given in the manner and form prescribed by Cal. Civ. Code § 1782, and all conditions precedent to the filing of this action have been fulfilled.

45. Defendants engaged in unfair methods of competition or unfair or deceptive acts or practices in the following respects:

    a. Advertising goods with the intent not to sell them as advertised, in violation of Cal. Civ. Code § 1770(a)(9).

    b. Advertising goods or services with intent not to supply reasonably expectable demand, in violation of Cal. Civ. Code § 1770(a)(10).

    c. Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law, in violation of Cal. Civ. Code § 1770(a)(14).

46. Plaintiff has suffered damages as a result of Defendants' unlawful acts and practices, entitling him to injunctive relief and restitution.

47. Defendants failed to adequately rectify or state an interest in rectifying their actions and, accordingly, Plaintiff is entitled to compensatory damages, costs, and attorneys' fees. Defendants furthermore acted with oppression, fraud, and malice, and Plaintiff is therefore also entitled to recover punitive damages in an amount to be set by the trier of fact.

**UNFAIR BUSINESS PRACTICES**

48. Plaintiff incorporates by reference the above allegations as though fully set forth herein and pleads this count in the alternative in the event the Court determines that California law governs.

49. Defendants' actions and omissions as described herein constitute unlawful, unfair, and

fraudulent business activities as prohibited by Cal. Bus. & Prof. Code § 17200 et seq. Defendants' false promises that in exchange for $250,000.00, Plaintiff would purchase and Defendants would store and deliver upon demand fifty-five (55) 100-gram bars of gold were unlawful, unfair, and fraudulent. Furthermore, Defendants violated the laws stated herein, including Cal. Civ. Code § 1750 et seq. and Cal. Penal Code § 496.

50. Plaintiff and the public have suffered injury and lost money as a result of Defendants' unlawful, unfair, and fraudulent conduct. Defendants' conduct is a serious and continuing threat to Plaintiff and the public. Accordingly, Plaintiff is entitled to restitution and temporary and permanent injunctive relief pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204. Specifically, Plaintiff asks the Court to enjoin Defendants from withholding from purchasers the precious metals they sold to such purchasers and from further advertising or offering for sale precious metals.

51. This action will result in the enforcement of an important right affecting the public interest and a significant benefit will be conferred on the general public or a large class of persons if the requested injunctive relief is granted. Accordingly, under Cal. Civ. Proc. Code § 1021.5, Plaintiff is entitled to reasonable attorney's fees.

## BREACH OF CONTRACT

52. Plaintiff incorporates by reference the above allegations as though fully set forth herein and pleads this count in the alternative.

53. Regal Assets has a valid contract with Plaintiff for the purchase of fifty-five (55) 100-gram gold bars.

54. Plaintiff was ready, willing, and able to timely perform, and did in fact perform on the contract by transferring approximately $250,000.00 to Regal Assets in exchange for the gold bars.

55. The contract was breached when Defendants refused to send Plaintiff's gold bars to

him in Virginia beginning in approximately March 2022.

56. Such breaches have proximately caused Plaintiff damages as set forth above.

57. Plaintiff seeks specific performance of the contract. In the alternative, Plaintiff seeks damages proximately caused by the breach. Defendants are further liable to Plaintiff for reasonable and necessary attorney's fees.

## JURY DEMAND

58. Plaintiff hereby demands a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for judgment against the Defendants for specific performance, injunctive relief, restitution, actual, consequential, and punitive or exemplary damages, interest, attorney's fees, and costs of court. Plaintiff further prays for all such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

By: /s/ Manuel H. Newburger
Manuel H. Newburger
State Bar No. 14946500
mnewburger@bn-lawyers.com
Francesca A. Di Troia
State Bar # 24097596
fditroia@bn-lawyers.com
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, Texas 78731
Tel (512) 476-9103
Fax (512) 476-9253

ATTORNEYS FOR PLAINTIFF